**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ILEANA BARRETO,

          Plaintiff,

                                       Case No. 3:15-cv-673-J-JRK

vs.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

          Defendant.
_____/

## OPINION AND ORDER[1]

### I.  Status

    Ileana Barreto ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is a result of "[l]eft shoulder problems," "bipolar [disorder]," "schizophrenia," "severe depression," "diabetes type 2," "bron[ch]ial asthma," "left knee problems," and "right ankle problems[.]"  Transcript of Administrative Proceedings (Doc. No. 7; "Tr." or "administrative transcript"), filed August 10, 2015, at 72, 90; see also Tr. at 269. On October 18, 2011, Plaintiff filed an application for DIB, alleging an onset disability date of August 10, 2010.  Tr. at 210-11.  Plaintiff's application was denied initially, see Tr. at 72-87, 88-89, 109-13, and upon reconsideration, see Tr. at 90-106, 107-08, 120-24.

    On July 25, 2013, an Administrative Law Judge ("ALJ") held a hearing during which the ALJ heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE").  Tr. at 33-71.  On September 27, 2013, the ALJ issued a Decision finding

---

[1]    The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.  See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 6), filed August 10, 2015; Reference Order (Doc. No. 8), entered August 10, 2015.

Plaintiff not disabled and denying Plaintiff's claim. Tr. at 18-27.  Plaintiff then requested review by the Appeals Council, Tr. at 11, and submitted evidence to the Council in the form of a brief authored by her attorney representative, Tr. at 5-6; see Tr. at 388-90 (brief).  On May 12, 2015, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, thereby making the ALJ's Decision the final decision of the Commissioner.  On June 1, 2015, Plaintiff commenced this action under 42 U.S.C. § 405(g), by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff raises four issues on appeal, all having to do with medical opinions: whether the ALJ erred in failing altogether to address a 2013 opinion of treating physician Alberto de la Torre, M.D. ("Dr. de la Torre"); whether the ALJ erred in assigning "limited weight" to Dr. de la Torre's 2011 opinion; whether the ALJ erred in assessing a 2011 opinion of consultative examiner Cathy Whitley, M.D. ("Dr. Whitley"); and whether the ALJ erred in assessing a 2012 opinion of non-examining physician Charles E. Moore, M.D. ("Dr. Moore"). Memorandum in Support of Plaintiff's Appeal of the Commissioner's Decision (Doc. No. 11; "Pl.'s Mem."), filed October 12, 2015, at 1-2 (summary of issues), 6-10 (argument regarding issue one), 10-17 (argument regarding issue two), 17-23 (argument regarding issue three), 23-25 (argument regarding issue four).  On December 10, 2015, Defendant responded by filing a Memorandum in Support of the Commissioner's Decision (Doc. No. 12; "Def.'s Mem.").  Then, with leave of Court, Plaintiff replied on January 12, 2016.  See Plaintiff's Reply Memorandum (Doc. No. 15; "Reply").  After a thorough review of the entire record and consideration of the parties' respective filings, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for further administrative proceedings.

## II.  The ALJ's Decision

When determining whether an individual is disabled,[2] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004).  The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry.  See Tr. at 20-27.  At step one, the ALJ observed that Plaintiff "has not engaged in substantial gainful activity since August 10, 2010, the alleged onset date."  Tr. at 20 (emphasis and citations omitted).  At step two, the ALJ found Plaintiff "has the following severe impairments: P[ost ]T[raumatic ]S[tress ]D[isorder]; depression; obesity; diabetes; anxiety disorder; personality disorder; left shoulder impingement of the supraspinatus tendon; and high blood pressure."  Tr. at 20 (emphasis and citations omitted).  At step three, the ALJ ascertained Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  Tr. at 20 (emphasis and citations omitted).

----

[2]    "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ determined Plaintiff has the following residual functional capacity ("RFC"):

[Plaintiff can] perform light exertional work as defined in 20 CFR [§] 404.1567(b).  Additionally, interaction with co-workers and the general public can be no more than brief, superficial, and occasional.  Furthermore, [Plaintiff] can perform no more than simple, unskilled, repetitive work.

Tr. at 21-22 (emphasis omitted).  At step four, the ALJ found Plaintiff "is capable of performing past relevant work as a poultry eviscerator as actually and generally performed, poultry hanger as actually performed, and as a hand packager as actually performed."  Tr. at 26 (some emphasis and citation omitted).  Based on the ALJ's step four finding, the ALJ did not proceed to step five.  See Tr. at 26.  The ALJ concluded that Plaintiff "has not been under a disability . . . from August 10, 2010 through the date of th[e D]ecision."  Tr. at 26 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ."  Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)).  "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'"  Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)).  The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence."  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991)

(internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).  The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.  Discussion

As all of the issues raised by Plaintiff involve medical opinions, the undersigned addresses them together.

Plaintiff argues the ALJ erred with respect to treating physician Dr. de la Torre's opinions by failing to consider the 2013 opinion and by failing to articulate sufficient reasons for discounting the 2011 opinion.  See Pl.'s Mem. at 6-17; Reply at 2-5.  As to Dr. Whitley's consultative opinion, Plaintiff contends the reasons provided by the ALJ for assigning it "limited weight" are unsupported.  See Pl.'s Mem. at 17-23; Reply at 5.  Finally, Plaintiff asserts that the ALJ erred in failing to provide sufficient rationale for assessing the non-examining opinion of Dr. Moore.  See Pl.'s Mem. at 23-25.

Defendant responds that the ALJ provided sufficient reasons, supported by substantial evidence, for discounting all of the opinions except Dr. de la Torre's 2013 opinion. Def.'s Mem. at 4-17.  Regarding Dr. de la Torre's 2013 opinion, Defendant recognizes the ALJ failed to address it but contends "[t]he March 2013 statements are similar to Dr. de la Torre's December 2011 medical source statement and, thus, it was not necessary to address the March statements separately."  Id. at 7 (footnote omitted).

### A. Summary of Opinions at Issue

#### 1. Dr. de la Torre

Dr. de la Torre, who treated Plaintiff for her mental disorders beginning in 2010, see Tr. at 509, provided two opinions regarding the effects of the disorders on Plaintiff's ability to perform work-related functions.  One opinion was provided on December 15, 2011, Tr. at 509-14; one was provided on April 25, 2013, Tr. at 379-84.

In the 2011 opinion, Dr. de la Torre diagnosed PTSD and traits of obsessive personality (among other non-mental disorders).  Tr. at 509.  As far as clinical findings, he stated Plaintiff is "[e]xtremely depressed" and has "flashbacks of when she was abused as a child, frequent crying, insomnia, anxiety, irritability, [and] memory impairment[.]" Tr. at 509.  The prognosis was "[v]ery guarded[.]" Tr. at 509.

Dr. de la Torre opined in 2011 that Plaintiff is "[s]eriously limited" in twelve of sixteen areas of mental abilities and attitudes needed to do unskilled work, and "[u]nable to meet competitive standards" in the remaining four areas.  Tr. at 511.[3]  As far as mental abilities needed for semiskilled and skilled work, Dr. de la Torre opined Plaintiff is "[s]eriously limited" in all four areas.  Tr. at 512.  With respect to mental abilities needed to do particular types of jobs, Dr. de la Torre opined Plaintiff is "[l]imited but satisfactory" in four out of five areas and "[s]eriously limited" in the remaining area.  Tr. at 512.  According to Dr. de la Torre, Plaintiff's "depression and severe anxiety practically paralyze[] her, cause[] her to cry, and feel worthless and helpless."  Tr. at 512.

---

[3]      One area, "Make simple work-related decisions," is marked twice.  Tr. at 511.  The "[s]eriously limited" box is only partially marked so the undersigned interprets this as meaning that the other "[u]nable to meet competitive work standards" box is the one Dr. de la Torre intended to mark.  See Tr. at 511.

In the 2013 opinion, Dr. de la Torre opined Plaintiff is "[m]oderately [l]imited" in eight out of twenty work function areas and "[m]arkedly [l]imited" in the remaining twelve areas. Tr. at 379-80.  Dr. de la Torre also provided a detailed narrative:

> This patient has a very long history of depression and was given various medications while still living in Cuba.  Was initially evaluated by me on 2-04-2010 at which time she was depressed and anxious, couldn't sleep, and worried excessively, often feeling very irritable.  She has been receiving various medications but has responded poorly.  When last seen on 4-10-2013 she was crying, very plaintive, agitated, anxious, and unable to provide meaningful information.  In addition she had insomnia [and] an itchy scalp which she scratched all night.

Tr. at 381.

### 2. Dr. Whitley

Dr. Whitley examined Plaintiff for the Division of Disability Determination and authored an opinion on December 7, 2011.  Tr. at 494-502.  The examination was focused on Plaintiff's physical issues, although she touched upon some psychological issues.  Dr. Whitley diagnosed hypertension, diabetes, obesity, asthma, history of life-long psychiatric problems, history of hyperthyroidism, left shoulder pain, and intermittent back pain.  Tr. at 497. According to Dr. Whitley:

> [Plaintiff has l]imitation for activities requiring lifting or reaching with the left upper extremity.  Limitation for activities requiring mild or greater exertion.  This may not be necessary given adequate blood pressure control.  Should avoid dust, fumes, and known respiratory irritants.  Recommend psychological evaluation.

Tr. at 498.

### 3. Dr. Moore

Dr. Moore, a non-examining physician, authored an opinion on January 11, 2012 after reviewing the medical evidence available at the time.  Tr. at 98-101.  According to Dr. Moore, Plaintiff can lift twenty pounds occasionally and ten pounds frequently.  Tr. at 98.  Plaintiff

can stand and/or walk about six hours in an eight-hour workday and sit about six hours.  Tr. at 98.  Plaintiff has no limitations in pushing or pulling.  Tr. at 98.  Dr. Moore stated that Plaintiff experiences pain in her left knee and ankle, and she also has postural limitations. Tr. at 98.  Plaintiff can occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl. Tr. at 98-99.  Plaintiff can never climb ladders, ropes, or scaffolds.  Tr. at 98.  Plaintiff can frequently balance.  Tr. at 99.  Dr. Moore stated that because of Plaintiff's left shoulder problems, she is limited in the ability to lift overhead.  Tr. at 99.  Otherwise, Plaintiff is unlimited in performing manipulative functions.  Tr. at 99.  Finally, Plaintiff should avoid concentrated exposure to extreme cold and heat, wetness, vibration, and hazards; Plaintiff should avoid even moderate exposure to fumes, odors, dusts, gases, and poor ventilation; but Plaintiff has no limitations with respect to humidity and noise.  Tr. at 99-100.

## B.  Applicable Law

The Regulations establish a "hierarchy" among medical opinions[4] that provides a framework for determining the weight afforded each medical opinion: "[g]enerally, the opinions of examining physicians are given more weight than those of non-examining physicians[;] treating physicians[' opinions] are given more weight than [non-treating physicians;] and the opinions of specialists are given more weight on issues within the area of expertise than those of non-specialists."  McNamee v. Soc. Sec. Admin., 164 F. App'x 919, 923 (11th Cir. 2006) (citing 20 C.F.R. § 404.1527(d)(1), (2), (5)).  The following factors are relevant in determining the weight to be given to a physician's opinion: (1) the "[l]ength

---

[4]  "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions."  20 C.F.R. § 404.1527(a)(2); see also 20 C.F.R. § 404.1513(a) (defining "[a]cceptable medical sources").

of the treatment relationship and the frequency of examination"; (2) the "[n]ature and extent of [any] treatment relationship"; (3) "[s]upportability"; (4) "[c]onsistency" with other medical evidence in the record; and (5) "[s]pecialization."   20 C.F.R. §§ 404.1527(c)(2)-(5), 416.927(c)(2)-(5); see also 20 C.F.R. §§ 404.1527(e), 416.927(e).

With regard to a treating physician or psychiatrist,[5] the Regulations instruct ALJs how to properly weigh such a medical opinion.  See 20 C.F.R. § 404.1527(c).  Because treating physicians or psychiatrists "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s)," a treating physician's or psychiatrist's medical opinion is to be afforded controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record.  Id.  When a treating physician's or psychiatrist's medical opinion is not due controlling weight, the ALJ must determine the appropriate weight it should be given by considering the factors identified above (the length of treatment, the frequency of examination, the nature and extent of the treatment relationship, as well as the supportability of the opinion, its consistency with the other evidence, and the specialization of the physician).  Id.

If an ALJ concludes the medical opinion of a treating physician or psychiatrist should be given less than substantial or considerable weight, he or she must clearly articulate reasons showing "good cause" for discounting it.  Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).  Good cause exists when (1) the opinion is not bolstered by the evidence;

---

[5]        A treating physician or psychiatrist is a physician or psychiatrist who provides medical treatment or evaluation to the claimant and who has, or has had, an ongoing treatment relationship with the claimant, as established by medical evidence showing that the claimant sees or has seen the physician with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for the medical condition.  See 20 C.F.R. § 404.1502.

(2) the evidence supports a contrary finding; or (3) the opinion is conclusory or inconsistent with the treating physician's or psychiatrist's own medical records.  Phillips, 357 F.3d at 1240-41; see also Edwards v. Sullivan, 937 F.2d 580, 583-84 (11th Cir. 1991); Schnorr v. Bowen, 816 F.2d 578, 582 (11th Cir. 1987) (stating that a treating physician's medical opinion may be discounted when it is not accompanied by objective medical evidence).

An examining physician's opinion, on the other hand, is not entitled to deference.  See McSwain v. Bowen, 814 F.2d 617, 619 (11th Cir. 1987) (per curiam) (citing Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986)); see also Crawford, 363 F.3d at 1160 (citation omitted).  Moreover, the opinions of non-examining physicians, taken alone, do not constitute substantial evidence.  Broughton v. Heckler, 776 F.2d 960, 962 (11th Cir. 1985) (citing Spencer v. Heckler, 765 F.2d 1090, 1094 (11th Cir. 1985)).  However, an ALJ may rely on a non-examining physician's opinion that is consistent with the evidence, while at the same time rejecting the opinion of "any physician" whose opinion is inconsistent with the evidence. Oldham v. Schweiker, 660 F.2d 1078, 1084 (5th Cir. Unit B. 1981) (citation omitted).

An ALJ is required to consider every medical opinion.  See 20 C.F.R. §§ 404.1527(c), 416.927(c) (stating that "[r]egardless of its source, we will evaluate every medical opinion we receive").  While "the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion," Oldham, 660 F.2d at 1084 (citation omitted); see also 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2), "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor," Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011) (citing Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir.1987)); see also Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005); Lewis, 125 F.3d at 1440. "'In the absence of such a statement, it is impossible for a reviewing court

to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" <u>Winschel</u>, 631 F.3d at 1179 (quoting <u>Cowart v. Schweiker</u>, 662 F.2d 731, 735 (11th Cir. 1981)).

## C. Analysis of ALJ's Decision

Regarding the various medical opinions, the ALJ wrote as follows:

> As for the opinion evidence, limited weight is given to the limitations issued by Dr. de la Torre (Ex. 7F) as they are not supported by the treatment notes or by the record on the whole.  Little weight is also given to the Physical RFC completed [by a physician whose opinion is not at issue in the appeal to this Court] on December 23, 2011 (Ex. 9F) as it seems to rely heavily on [Plaintiff's] subjective complaints rather than on results of objective medical evidence.  Furthermore, the opinions contradict the information that [Plaintiff] reports (Ex. 17F) to treating source Dr. Haddad.

> The limitations issued by the consultative examiner [Dr. Whitley] (Ex. 5F) are given some weight as this source saw [Plaintiff] on just one occasion and issued restrictions that are not entirely supported by the medical evidence of record.

> Significant weight is given to the opinions of the State agency psychologists [whose opinions are not at issue in the appeal to this Court] (Ex. 1A; 4A) as these sources reviewed records and issued unbiased opinions that are consistent and supported by the overall record. Less weight is given to the limitations issued by the State agency physician [Dr. Moore] (Ex. 4A) as they are not entirely supported by the medical evidence of record.

Tr. at 25-26.

As quoted above, when the ALJ was discussing Dr. de la Torre's opinion, he referred only to "(Ex. 7F)," which is Dr. de la Torre's 2011 opinion.  <u>See</u> Tr. at 509-14.  In the same paragraph, the ALJ also referred to a "Physical RFC completed on December 23, 2011 (Ex. 9F)" which is an opinion authored by a physician who is not at issue in this appeal.  <u>See</u> Tr.

at 531-34.[6]  The ALJ did not address or cite Dr. de la Torre's 2013 opinion (Exhibits 21E, 22E, Tr. at 379-84).

The ALJ erred in addressing the medical opinions.  On the whole, the ALJ did not explain the reasons for discounting Dr. de la Torre's 2011 opinion, Dr. Whitley's opinion, and Dr. Moore's opinion with the requisite specificity.  Indeed, the ALJ for the most part merely recited recognized "good cause" reasons for discounting these opinions, without any corresponding explanation.[7]  Cf., e.g., Gayler v. Astrue, No. 5:07-cv-121-Oc-GRJ, 2008 WL 4327050, at *6 (M.D. Fla. Sept. 18, 2008) (unpublished) (reversing and remanding ALJ's decision to discount a treating physician's opinion when "the ALJ failed to explain or even provide a clue as to how [the treating physician's] opinion was inconsistent with other record medical evidence"); Russ v. Astrue, No. 3:07-cv-1213-J-MCR, 2009 WL 764516, at *10 (M.D. Fla. Mar. 20, 2009) (unpublished) (finding an ALJ's "dismissal" of a treating physician's opinion was "deficient" when the ALJ noted the opinion "was 'not supported by objective findings,'" but did not provide any explanation for the reason) (quoting ALJ's Decision). Without the ALJ clearly articulating an explanation for discounting these opinions, judicial review is frustrated because the Court cannot determine whether the ALJ's conclusions were rational and supported by substantial evidence.  Judicial review is further frustrated with respect to Dr. de la Torre's 2013 opinion because the ALJ did not state the weight assigned it and did not include it in the discussion of the opinion evidence of record.

---

[6]     Also included in Exhibit 9F is a duplicate of Dr. de la Torre's 2011 opinion.  Tr. at 525-30.

[7]     The only specific reason provided by the ALJ was with respect to Dr. Whitley: that this doctor only saw Plaintiff once.  Tr. at 26.  The other reason with respect to Dr. Whitley, however, is merely a conclusion without explanation.  See Tr. at 26.

For all of the foregoing reasons, reversal and remand is required for further consideration of the medical opinions.[8]

## V.  Conclusion

After due consideration, it is

**ORDERED**:

1.     The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

> (A)     Reevaluate the opinions of Dr. de la Torre, Dr. Whitley, and Dr. Moore assign the appropriate weight to such opinions, and explain the reasoning behind the weight assigned; and
>
> (B)     Take such other action as may be necessary to resolve this claim properly.

2.     The Clerk is further directed to close the file.

---

[8]     Defendant contends the ALJ's Decision is supported by substantial evidence, and Defendant provides a number of reasons (that the ALJ failed to provide) why the administrative transcript allegedly supports the ALJ's overall Decision.  Def.'s Mem. at 4-17.  Defendant's analysis cannot serve as post hac justifications to save the ALJ's otherwise infirm decision.  See Owens v. Heckler, 748 F.2d 1511, 1516 (11th Cir. 1984).  It is not the duty of Defendant or the Court to supply reasons for the ALJ's finding; rather, that duty rests with the ALJ.  See Austin v. Astrue, No. 5:07cv52/MCR/EMT, 2008 WL 2385520, at *8 n.7 (N.D. Fla. June 9, 2008) (unpublished) (recognizing the Commissioner's arguments in support of the ALJ's discounting of a treating physician's opinion, but stating that "[w]hile [the arguments] may be true, the ALJ did not make these findings"); see also Green v. Shalala, 51 F.3d 96, 100-01 (7th Cir. 1995); Cline v. Sullivan, 939 F.2d 560, 563-69 (8th Cir. 1991).

3.      In the event benefits are awarded on remand, Plaintiff's counsel shall ensure that any § 406(b) or 1383(d)(2) fee application be filed within the parameters set forth by the Order entered in Case No. 6:12-mc-124-Orl-22 (In Re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) and 1383(d)(2)).

**DONE AND ORDERED** at Jacksonville, Florida on September 9, 2016.

JAMES R. KLINDT
United States Magistrate Judge

kaw
copies:
counsel of record

-14-